OPINION of the Court, by
Ch. J. Bibb.
— Finley exhibited a hill to review and reverse a decree pronounced in the original cause upon an appeal to this court, The decree may be seen in the Printed Decisions 227. The bill in the original cause was for the specific performance of an agreement, of the 20th of November, 1779, between Cyrus M’Crackin and George Finley^ which states, “that M’Crackin is to let Finley have four hundred acres of land out of the fourteen hundred which said Cyrus expects to receive for his corn right at Kentucky, and that it is to be laid off on Elkhorn waters ; the said Finley is to pay the purchase money, surveying and deed, agreeable to the rules of the office of this state ; and that the said M’Crackin is to have the first choice, and Finley the second, of the said land.” The bill states, “ that your orator has paid to the said M’Crackin the whole, or greater part of the said purchase, and is ready at any time to pay the balance, if any, and the surveying and deed.”
The ground taken in the bill of review is, that the Complainant “did, on the-day of- — , at Lexington, actually tender to pay to him, the said decedent, your orator’s proportion of the said purchase money and contingent expenses, which the said decedent altogether refused to receive ; that the said decedent, some time about the year-, fully impressed with the justice of your orator’s claim to the said 400 acres of land,-did propose to a certain Richard Taylor -to give to him, the said Taylor, an equal quantity of land, of the first quality, and equal in value with the said settlement and pre-emption, and situated in the same neighborhood, if-said Taylor would satisfy your orator’s said demand, and take up the article of agreement.”
After stating the proceedings in the original cause, and the decree of the court of appeals dismissing his bill, he states, “ that since the expiration of the said term of the general court, at which the said decree in your orator’s favor was pronounced, he has discovered testimony, of the existence of which he was not before informed, and which, from the decree of the court of appeals, would have been very material for him in the *456 determination of the said suit: that he will be able to establish, by disinterested and unequivocal testimony, the tender of the money to the defendant in Lexington, and the offer made to said Taylor ; neither of which facts your orator had, or could have substantiated, by any testimony- in his knowledge at the time when the said final decree was pronounced.”
To the bill of review there was a plea of the decree, &c. and a demurrer to the relief prayed ; these being overruled, the cause progressed to a final hearing, and a decree was pronounced in favor of the complainant, from which the defendants appealed.
The discovery set up in the bill, as the ground of review, is not of new matter, but of new evidence to matters within his knowledge before the decree in the original cause. The doctrines settled, upon great deliberation, in the cases of Respass vs. M'Clenahan (a), Bowles vs. South (b), and Robinson vs. Morgan, spring term, 1808, are decisive of the present case. This is but another example of the additional stimulus which á decree gives to the losing party in hunting up evidence to bolster the parts of his case upon which the decree bears ; and is another warning against the indulgence of bills of review upon the allegation of a discovery of nexv evidence. The court should have allowed the plea and demurrer. — —Decree reversed.

 Har. 342.

 Har. 454